933 F.2d 1009
 139 L.R.R.M. (BNA) 2400
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
NRC, INC., Respondent.
 No. 91-5311.
 United States Court of Appeals, Sixth Circuit.
 May 21, 1991.
 
 Before ALAN E. NORRIS and SUHRHEINRICH, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 
 1
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondent, NRC, Inc., Highland Park, Michigan, its officers, agents, successors, and assigns, enforcing its order dated September 28, 1990, in Case No. 7-CA-30487, and the Court having considered the same, it is hereby
 
 
 2
 ORDERED AND ADJUDGED by the Court that the Respondent, NRC, Inc., Highland Park, Michigan, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 3
 (a) Refusing to bargain in good faith with the Local 149, United Union of Roofers, Waterproofers, and Allied Workers, AFL-CIO, by failing to abide by the terms of the collective-bargaining agreement and by unilaterally failing to make fringe benefit fund payments, to submit fringe benefit reports, to pay any liquidated damages, and to remit initiation fees deducted from new member applicants' pay for unit employees.
 
 
 4
 (b) Causing the termination of employees because they refuse to work under terms other than those set forth in the collective-bargaining agreement and because they engage in union and concerted activities.
 
 
 5
 (c) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 6
 2. Take the following affirmative action necessary to effectuate the policies of the Act.
 
 
 7
 (a) Make all payments to the various fringe benefit funds, including all liquidated damages, required as a result of the obligations of the Respondent under article 8 of the collective-bargaining agreement in the manner set forth in the remedy section of the Board's Decision.
 
 
 8
 (b) Submit the required monthly fringe benefit reports not yet filed with the fringe benefit funds.
 
 
 9
 (c) Remit to the Union all initiation fees deducted from new member applicants' pay required as a result of the obligation of the Respondent under article 3 of the collective-bargaining agreement in the manner set forth in the remedy section of the Board's Decision and Order.
 
 
 10
 (d) Offer Paul Mark Schick immediate and full reinstatement to his former job or, if that job no longer exists, to a substantially equivalent position, without prejudice to his seniority or any other rights or privileges previously enjoyed, and make him whole for any loss of earnings and other benefits suffered as a result of the discrimination against him, in the manner set forth in the remedy section of the Board's Decision and Order.
 
 
 11
 (e) Remove from its files any reference to the unlawful discharge of Schick and notify the employee in writing that this has been done and that the discharge will not be used against him in any way.
 
 
 12
 (f) Offer the striking employees, on their unconditional application for reinstatement, immediate and full reinstatement to their former jobs or, if those jobs no longer exist, to substantially equivalent jobs, without prejudice to their seniority or other rights and privileges, dismissing, if necessary, any replacements.
 
 
 13
 (g) Preserve and, on request, make available to the Board or its agents for examination and copying all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amounts due under the terms of this Judgment.
 
 
 14
 (h) Post at its facility in Highland Park, Michigan, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7, after being signed by the Respondent's authorized representative, shall be posted by the Respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 15
 (i) Notify the said Regional Director, in writing, within 20 days from the date of this Judgment, what steps the Respondent has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 16
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES
 
 COURT OF APPEALS ENFORCING AN ORDER OF THE
 NATIONAL LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 17
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 18
 WE WILL NOT refuse to bargain in good faith with Local 149, United Union of Roofers, Waterproofers, and Allied Workers, AFL-CIO, by failing to abide by the terms of the collective-bargaining agreement and by unilaterally failing and refusing to make fringe benefit fund payments, to submit fringe benefit reports, to pay liquidated damages, and to remit initiation fees deducted from new member applicants' pay for our employees in the following appropriate unit for the purposes of collective bargaining:
 
 
 19
 All journeymen roofers, registered apprentices, apprentices and probationary apprentices employed by Respondent, but excluding guards and supervisors as defined in the Act.
 
 
 20
 WE WILL NOT cause the termination of employees because they refuse to work under terms other than those set forth in the collective-bargaining agreement and because they engage in union and concerted activities.
 
 
 21
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 22
 WE WILL make all payments to the various fringe benefit funds, including all liquidated damages, required as a result of our obligations under article 8 of the collective-bargaining agreement, with interest.
 
 
 23
 WE WILL submit the required monthly fringe benefit reports not yet filed with the fringe benefit funds.
 
 
 24
 WE WILL remit, with interest, to the Union all initiation fees deducted from new member applicants' pay required as a result of our obligation under article 3 of the collective-bargaining agreement.
 
 
 25
 WE WILL offer Paul Mark Schick immediate and full reinstatement to his former job or, if that job no longer exists, to a substantially equivalent position, without prejudice to his seniority or any other rights or privileges previously enjoyed.
 
 
 26
 WE WILL make whole, with interest, Paul Mark Schick for any loss of earnings or other benefits he may have suffered as a result of his discharge.
 
 
 27
 WE WILL notify Paul Mark Schick that we have removed from our files any reference to his unlawful discharge and that his discharge will not be used against him in any way.
 
 
 28
 WE WILL offer to any employees who engaged in the unfair labor practice strike immediate and full reinstatement to their former jobs or, if those jobs no longer exist, to substantially equivalent jobs, without prejudice to their seniority or other rights and privileges, dismissing, if necessary, any replacement on the employees' unconditional offer to return to work.
 
 
 29
 NRC, INC.
 
 
 30
 (Employer)
 
 Dated __________ By ____________________
 
 31
 (Representative)
 
 
 32
 (Title)
 
 
 33
 This is an official notice and must not be defaced by anyone.
 
 
 34
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 477 Michigan Avenue, Room 300, Detroit, Michigan 48226-2569, Telephone 313-226-3219.